IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOARD OF TRUSTEES OF THE PORTLAND
AREA UFCW LOCAL 555 EMPLOYERS
HEALTH TRUST,
               Plaintiff,               Civil No.   05-0361-TC

        v.                              FINDINGS AND
                                          RECOMMENDATION
ROBERT A. LEE, D.M.D.,d/b/a
LIBERTY DENTAL CLINIC; AND LIBERTY
DENTAL CARE, P.C., an Oregon
corporation,

                            Defendants

COFFIN, Magistrate Judge:

    This is an ERISA action in which plaintiff trust fund sought employee benefit contributions pursuant to a collective bargaining agreement. Plaintiff ultimately accepted defendants' offer to allow judgment pursuant to Fed. R. Civ P. 68 in the amount of $10,793. The offer also included "reasonable attorney fees" and defendants' reservation of rights to object to the fees.

    Presently before the court is plaintiff's motion (#44) for attorney fees in the amount of $6,972. For the reasons stated below, such motion is allowed.

DISCUSSION

Defendants contend that plaintiff has failed to properly plead an entitlement to fees. However, plaintiff has adequately set forth a legal basis for a mandatory, as opposed to discretionary, award of fees. See Plaintiff's Motion, Declaration and Reply.

Defendants also contend that plaintiff's fees are excessive because they were incurred unnecessarily. Defendants state that plaintiff took an unreasonable position in its first complaint by seeking monthly contributions in perpetuity when the request should have been limited to a short time period. When plaintiff amended the complaint to reflect the shorter period, defendants made the offer of judgment and the matter was resolved. Defendants' attorney states in a declaration that he "conferred with plaintiff's first attorney and argued that the plaintiff was not entitled to premiums on an ongoing basis. Plaintiff rejected the argument." Declaration of John Razor(#47). There is no indication of what, if anything, was given to plaintiff's first attorney in support of the "argument," and no written record of the conversation was provided to the court to assist in that determination. The Declaration then states, "Many months later, and after considerable unnecessary litigation, I convinced Plaintiff to take another look at the issue of the claim for ongoing premiums, particularly in light of Exhibit "A" in the Declaration of Dr. Robert Lee." Id. [1] "At that time, plaintiff agreed to, and did

---

[1] Exhibit "A" is a letter indicating when a termination of the policy requiring contributions occurred. In Dr. Lee's Declaration,
(continued...)

2 - FINDINGS AND RECOMMENDATION

in fact, amend its complaint to seek only premiums for July 2004 through December 2004. Immediately thereafter the case was resolved by offer of judgment." Id.

There is no indication that plaintiff's first attorney was advised of the existence of the Exhibit "A" letter or when plaintiff's second attorney was advised of its existence.

Plaintiff has submitted an email exchange of April 20, 2005 in which defendants' attorney asks what plaintiff's actual demand is. The email also states that from what defendants' attorney has, it looks like they are only talking about a few months of premiums. Plaintiff's attorney responds that absent an audit, his client relies on defendants' self-reporting to determine the amount claimed, and that defendants have not been making the monthly remittance reports to his client. He then asks for the reports to be forwarded to determine if an audit is necessary. Exh. D to Reply.

Plaintiff's attorney states that he never received the reports and, as a result, was forced to incur fees by responding to defendants' two unsuccessful motions to dismiss. Plaintiff's email request for more information came nine days prior to plaintiff's response to defendants' first motion to dismiss and nine months prior to plaintiff's response to defendants' second motion to dismiss.

---

[1](...continued)
submitted in connection with the present motion, Dr. Lee states, among other things, that he intended to pay past due premiums, but not premiums for the time period after the policy was terminated. (#46). He apparently did not pay the past due premiums and was sued with a complaint seeking, in a general fashion, an unknown amount for premiums from July 2004 through the current time.

3 - FINDINGS AND RECOMMENDATION

Plaintiff has also earlier stated that requests to schedule an audit were denied and that requests for payroll records had objections made against them. P. 3 of Opposition to Defendant's Second Motion to Dismiss. (#31).

Although defendants claim that plaintiff's fees were incurred unnecessarily, defendants failed to make payments for past due premiums which required plaintiff to incur attorney fees for their recovery. Defendants also filed two unsuccessful motions to dismiss that required plaintiff to incur additional fees. There is also evidence that better communication from defendants may have minimized the amount of fees incurred.

Considering all applicable factors, plaintiff has met its burden of showing that the time spent by its attorneys was reasonable and necessary in the circumstances of this case. The rates applied are reasonable. In the circumstances of this case, the amount of the fee award is reasonable in relation to the amount of success achieved.

## CONCLUSION

Plaintiff's motion (#44) for attorney fees in the amount of $6,972 should be allowed and such amount should be included in the previous judgment.

DATED this 6 day of June, 2006.

THOMAS M. COFFIN
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION